UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                CRIMINAL ACTION

VERSUS                                                  NO. 18-106

BORIS WISMARK VERGARA                                   SECTION M (2)
MONCADA

**ORDER & REASONS**

Before the Court is an emergency motion by defendant Boris Wismark Vergara Moncada ("Vergara") for compassionate release or reduction in sentence.[1] The government opposes the motion.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court denies Vergara's motion.

**I.   BACKGROUND**

On April 16, 2019, Vergara pleaded guilty to count 1 of the superseding indictment charging him with conspiring (1) to import cocaine hydrochloride into the United States in violation of 21 U.S.C. §§ 952(a) and 960(a)(1), and (2) to distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride while upon the high seas on board a vessel subject to the jurisdiction of the United States in violation of 18 U.S.C. 40503(a)(1), all in violation of 18 U.S.C. § 371.[3] On August 8, 2019, Vergara was sentenced to serve 60 months in the custody of the Bureau of Prisons (the "BOP") and one year of supervised release.[4] Vergara is presently incarcerated at the BOP's D. Ray James Correctional Institute ("D. Ray James"), and his projected release date is July 26, 2022.[5]

---

[1] R. Doc. 400.
[2] R. Doc. 402.
[3] R. Docs. 157; 169.
[4] R. Doc. 328.
[5] Inmate Locator, FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Nov. 19, 2020).

**II.     PENDING MOTION**

Vergara, *pro se*, now moves the Court for compassionate release or a reduction in sentence in accordance with 18 U.S.C. § 3582(c)(1)(A) due to concerns over the COVID-19 virus.[6] Vergara states that he tested positive for COVID-19 on August 21, 2020, and has since recovered.[7] While he admits that he is not elderly and does not cite any underlying health conditions, Vergara argues that he is at risk of reinfection because of the prison conditions which keep him in a confined area with over 60 other inmates.[8] Vergara is concerned that social distancing is impossible and that the prison is not following COVID-19 guidelines set by the Centers for Disease Control ("CDC").[9] Further, Vergara argues that the private company that runs D. Ray James is not required to enforce the same protections that are observed at other BOP facilities, thus increasing the risk of exposure to COVID-19.[10] Vergara requests a sentence of time served, arguing that he has served 50 percent of his sentence.[11]

In opposition, after detailing the BOP's response to the COVID-19 pandemic,[12] the government argues that this Court lacks authority to act on Vergara's motion because Vergara has not proved that he exhausted his administrative remedies in the BOP.[13] The government further argues that Vergara's motion should be denied on the merits because he has not demonstrated extraordinary and compelling reasons warranting a reduction in his sentence considering that he has not shown any particular risk factors for a severe outcome with a COVID-19 infection, and that he has already had the virus and recovered.[14]

---

[6] R. Doc. 400.
[7] *Id.* at 1.
[8] *Id.* at 1-2.
[9] *Id.* at 2.
[10] *Id.* at 3.
[11] *Id.* at 4.
[12] R. Doc. 402 at 2-6.
[13] *Id.* at 8-11.
[14] *Id.* at 11-16.

**III.    LAW & ANALYSIS**

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582." *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010).  Section 3582(c), as amended by the First Step Act, provides that "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

Under 18 U.S.C. §3582(c)(1)(A), federal courts "may not modify a term of imprisonment once it has been imposed [except upon the motion of the BOP or the defendant] after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  The Fifth Circuit recently clarified that this requirement is not jurisdictional but is a mandatory claim-processing rule. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) ("all requests for compassionate release must be presented to the [BOP] before they are litigated in the federal courts").  Thus, a court cannot consider the merits of a motion to reduce or modify a defendant's sentence until the defendant demonstrates that his administrative remedies have been exhausted.

Vergara has not demonstrated that he exhausted his administrative remedies. Indeed, Vergara does not even argue that he made the requisite request to the warden of his facility. Therefore, this Court cannot consider the merits of Vergara's motion at this time.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Vergara's emergency motion for compassionate release or reduction in sentence (R. Doc. 400) is DENIED without prejudice to refiling the motion if and when he exhausts his administrative remedies.

New Orleans, Louisiana, this 30th day of November, 2020.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE